IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J.L.S., A Minor, by and through DEB SMITH, her Mother and natural guardian,<br><br>        Plaintiff,<br><br>  vs.<br><br>KENNETH W. ELLIS, et al.,<br><br>        Defendants. | 8:08CV3068<br><br>ORDER |

    This matter is before the court on motions (Docs. 32 & 39) filed by defendants Eskildsen and Farrell requesting that trial be held in North Platte rather than Omaha. Counsel for defendants Ellis and Community Hospital Association has no objection. Although the parties' revised Rule 26(f) report (Doc. 46) indicates that the plaintiff objects, the plaintiff did not file any response to the motions. *See* NECivR 40.1(b).

    In general, the party seeking transfer bears the burden of establishing that the transfer should be granted. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir.), *cert. denied*, 522 U.S. 1029 (1997); *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990). The movant must make a clear showing that the balance of interest weighs in favor of the movant. *See General Comm. of Adjustment v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995); *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson*, 747 F. Supp. at 535 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm. of Adjustment*, 895 F. Supp. at 252; *see generally Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990). Pursuant to NECivR 40.1(b), the court must consider the convenience of the litigants, witnesses, and counsel when deciding the place of trial.

    Traditionally, this court has resolved these disputes by conducting a weighing of the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a). Convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. *Cf. Standard Office Systems v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990).

In this case, the plaintiff was treated at the Community Hospital in McCook, Nebraska, following an accident on her family's farm in Cheyenne County, Kansas. Plaintiff and her parents reside in Bird City, Kansas. Plaintiff received medical treatment in Cheyenne County, Kansas as well as in McCook. The defendants have demonstrated that trial in North Platte rather than Omaha presents greater flexibility, convenience, and cost-effectiveness, due to the location and travel requirements of all parties' anticipated witnesses. The plaintiff has not presented any evidence or argument to the contrary.

The court finds that the defendants have shown their inconvenience in holding the trial in Omaha strongly outweighs the inconvenience the plaintiff would suffer if trial is held in North Platte.

**IT IS ORDERED** that the defendants Motions (Docs. 32 & 39) for trial in North Platte are granted. The Clerk shall amend the records of the court to reflect the change in place of trial.

**DATED October 14, 2008.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**