IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J.L.S., a Minor, by and through her Mother and Natural Guardian, DEB SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH W. ELLIS, M.D., and THE COMMUNITY HOSPITAL ASSOCIATION d/b/a COMMUNITY HOSPITAL,<br><br>Defendants. | CASE NO. 8:08CV3068<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on three related motions: the Plaintiff's Motion to Join a Real Party in Interest (Filing No. 59), the Defendants' Motion to Strike Affidavit of Ronald P. Pope (Filing No. 70), and the Defendants' Motion for Partial Summary Judgment (Filing 68).

The Plaintiff, J.L.S., a minor, seeks to join as a party plaintiff her mother Deb Smith ("Smith"), because Smith incurred certain medical expenses that underlie one of the Plaintiff's claims. The Plaintiff's attorney, Ronald P. Pope, filed an affidavit (Filing No. 61-2) in support of the motion to join Smith as a party plaintiff. The Defendants oppose the motion, asserting that the statute of limitations on Smith's action has run, as has the time to add parties to this action. The Defendants also move to strike Pope's affidavit, contending that its contents are irrelevant, immaterial, lacking sufficient foundation, and hearsay. Finally, the Defendants ask that the Court dismiss J.L.S.'s claims for medical expenses that were incurred by Smith.

## FACTUAL[1] AND PROCEDURAL BACKGROUND

J.L.S. was born in 1994. On June 24, 2006, she was injured in a go-cart accident, and was examined and treated at the emergency room at Cheyenne County Hospital in Kansas. She was later transported to McCook, Nebraska, for treatment.

On June 25, 2006, Defendant Dr. Kenneth W. Ellis examined J.L.S. at the Defendant Community Hospital in McCook, and performed surgery to repair a fracture of her right arm.[2] That was the last day J.L.S. was seen or treated by Dr. Ellis. The last day she was seen or treated by any agent or employee of Community Hospital was July 14, 2006.

J.L.S., by and through Smith, her mother and natural guardian, brought this action on April 4, 2008, asserting that J.L.S. suffered a variety of injuries due to the Defendants' negligence. Plaintiff twice amended her Complaint. At issue for purposes of the pending motions is her assertion that she incurred expenses for medical treatment in excess of $100,000, and will incur expenses for additional medical treatment. Defendants Dr. Ellis and Community Hospital filed their Answer to the Second Amended Complaint on June 4, 2008, raising certain defenses, but not a defense that J.L.S. was not the real party in interest for purposes of seeking reimbursement for medical expenses, and not a defense based on the running of any statute of limitations.

---

[1] The Defendants have presented facts in support of their motion for summary judgment in compliance with NECivR 56.1(a). The Plaintiff has not responded to the Defendants' motion for summary judgment, and the Defendants' statement of facts is deemed admitted for purposes of the pending motion for summary judgment. See NECivR 56.1(b)(1).

[2] Although the Defendants' statement of facts indicates that the surgery was to repair a fracture of the Plaintiff's right leg, the injury was to the humerus, a bone in the arm. See Second Amended Complaint, Filing No. 13, ¶16.

The Order for Initial Progression of Case (Filing No. 47) states that "[a]ny motion to amend pleadings and/or add parties shall be filed **not later than September 15, 2008**." (*Id.*, ¶ 7, emphasis in original). The Plaintiff filed her motion to add Smith as a party plaintiff on November 11, 2008. (Filing No. 59). In support of the motion, Plaintiff's counsel, Ronald P. Pope, submitted his affidavit (Filing No. 61-2) in which he states that part of Plaintiff's medical care was paid pursuant to an insurance contract, procured and executed in Kansas, held in the Plaintiff's name and used solely for her benefit. (*Id.*, ¶¶ 1-2). Pope also states that it was not until November 6, 2008, that he became aware that the Defendants would contend that the Plaintiff was not the real party in interest with respect to her claim for medical expenses. (*Id.*, ¶¶ 3-4).

On November 26, 2008, the Defendants moved for partial summary judgment (Filing No. 68), seeking to dismiss Smith's claims[3] for medical expenses related to the Plaintiff's care and treatment, on the basis that the claims are barred by Nebraska's two-year statute of limitations. *See* Neb. Rev. Stat. § 44-2828 (Reissue 2004). The Motion for Partial Summary Judgment is based on the pleadings alone. The Defendants also filed a brief in support of their motion for partial summary judgment and in opposition to the Plaintiff's motion to add Smith as a real party in interest (Filing No. 69), and moved to strike Pope's affidavit. (Filing No. 70). The Defendants argue that the Plaintiff is attempting to add a new party with a separate and distinct cause of action; that the amendment is untimely under

---

[3] The Defendants ask the Court to dismiss "Deb Smith's claim for past, current, and future medical bills and expenses related to J.L.S.'s care and treatment [as] barred by the two-year statute of limitations in Neb. Rev. Stat. § 44-2828." (Defendants' Motion for Partial Summary Judgment, Filing No. 68, p. 1). The Defendants' Motion for Summary Judgment appears to be preemptive, as Deb Smith's claim as the real party in interest has not yet been presented in any Complaint.

the progression order; and that Smith's claim is now barred by the applicable statute of limitations. Plaintiff filed no response to the Defendant's motion for partial summary judgment, or to the motion to strike the affidavit.

## STANDARD OF REVIEW

Fed. R. Civ. P. 17(a)(3) provides:

The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 15(a)(2) provides: "[A] party may amend its pleading . . . with the court's leave. The court should freely give leave when justice requires."

Fed. R. Civ. P. 15(c)(1) provides: " An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . ."

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109-1110 (8th Cir. 2006) (citing *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id.* at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp.*, 477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

**DISCUSSION**

The requirement in Rule 17 (a), that every action be prosecuted in the name of the real party in interest, "is in place 'to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'"  *United Healthcare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996) (quoting Fed. R. Civ. P. 17(a), Advisory Committee Note). "Because the requirements in Rule 17(a) are for the benefit of the defendant, [the Eighth

Circuit Court has] held that an objection on real party in interest grounds should be raised with reasonable promptness in the trial court proceedings. If not raised in a timely or seasonable fashion, the general rule is that the objection is deemed waived.'" *Id.* (quoting *Sun Refining & Marketing Co. v. Goldstein Oil Co.*, 801 F.2d 343, 345 (8th Cir. 1986)(internal quotations omitted)).

The Complaint, Amended Complaint, and Second Amended Complaint, all put the Defendants on notice that J.L.S., a minor, by and through her mother and natural guardian, was seeking payment for her medical expenses incurred as a result of the Defendants' alleged negligence. The Defendants raised no defense or objection, based on any assertion that J.L.S. was not the real party in interest, until a comment made to Plaintiff's counsel on November 6, 2008. There is no allegation that the Plaintiff, or her lawyer, or her mother, were attempting to deceive the Defendants or to subject them to double liability. There is no basis for this Court to conclude that the Defendants have been prejudiced in any way by the Plaintiff's failure to name Smith earlier as the real party in interest for purposes of the claim for medical expenses. Instead, it appears that the Defendants simply chose to wait to raise this defense until at least two years had elapsed since the Defendants' alleged negligent acts took place, in hopes that a statute of limitations would bar any claim for J.L.S.'s medical expenses.[4]

---

[4] "In diversity cases the state law regarding real party in interest applies." *Consul General of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1047 (8th Cir. 2003). Plaintiff asserts that J.L.S., by and through her parent, would be the real party in interest under Kansas law. (Plaintiff's brief, Filing No. 60, pp. 2-3, citing *Betz v. Farm Bureau Mut. Ins. Agency of Kansas, Inc.*, 8 P.3d 756, 760 (Kan. 2000). This Court reaches no conclusion in this Memorandum and Order regarding the application of Kansas or Nebraska law, or regarding whether J.L.S. or Smith is the real party in interest for purposes of pursuing a claim for J.L.S.'s medical expenses.

Advisory Committee Notes to the 1966 Amendment of Rule 17 observe: "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . . It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."

## CONCLUSION

Justice requires that the Plaintiff be permitted to file a Third Amended Complaint to name Smith as a plaintiff in her individual capacity with respect to the claim for J.L.S.'s medical expenses. Such amendment will relate back to the date of the original pleading, because it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Accordingly,

IT IS ORDERED:

1. The Plaintiff's Motion to Join Real Party in Interest (Filing No. 59) is granted;

2. The Plaintiff is given leave to file a Third Amended Complaint solely for the purpose of adding Deb Smith as a party plaintiff in her individual capacity with respect to the claim for the costs of Plaintiff's medical care and treatment;

3. Any such Third Amended Complaint must be filed on or before January 20, 2009;

4. The Defendant's Motion for Partial Summary Judgment (Filing No. 68) is denied; and

5. The Defendant's Motion to Strike the Affidavit of Ronald P. Pope (Filing No. 70) is denied.

DATED this 9th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge